IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JANE ROE, )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>TYKESHAE FOWLKES TUCKER, *et al*, )<br>    Defendants. )<br> ) | Civil Action No. 3:24CV145 (RCY) |

**MEMORANDUM OPINION**

This is a 42 U.S.C. § 1983 action wherein Plaintiff alleges that Defendant Nkemdilim Okoli, a former correctional officer, sexually assaulted Plaintiff while she was in the custody of the Virginia Department of Corrections. Plaintiff brought this action against Defendant Okoli as well as Defendant Tykeshae Fowlkes Tucker, who superintended the facility that housed Plaintiff at the time of the assault. The matter is presently before the Court on Defendant Tucker's Motion to Reconsider, Mot. Reconsider, ECF No. 37, in which Defendant Tucker asks the Court to reconsider its previous denial of Defendant Tucker's Motion to Dismiss, or, in the alternative, certify the matter for an interlocutory appeal. *Id.* The Motion to Reconsider has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will deny Defendant Tucker's Motion to Reconsider.

**I. RELEVANT BACKGROUND**

**A. Procedural History**

Proceeding under a pseudonym, Plaintiff Roe filed the instant case against Defendants Tucker and Okoli on February 29, 2024. Compl., ECF No. 1. Her Complaint advances three

claims, each pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment (Counts One and Three) and the Fourth, Fifth, and Fourteenth Amendments (Count Two). Compl. ¶¶ 56–75. Both Defendants were served with the Complaint on March 5, 2024. Summons, ECF No. 12; Summons, ECF No. 13. Defendant Tucker filed a Motion to Dismiss on March 26, 2024. Mot. Dismiss, ECF No. 16. On April 9, 2024, Plaintiff filed a Motion for Leave to Proceed Under Pseudonym. Mot. Leave Proceed Under Pseudonym, ECF No. 19. Defendant Okoli never appeared, and on September 25, 2024, the Clerk entered Okoli's default. Clerk's Entry Default, ECF No. 25.

On January 7, 2025, the Court issued an Order and Memorandum Opinion ("January 7 Opinion") denying Defendant Tucker's Motion to Dismiss and granting Plaintiff's Motion for Leave to Proceed Under Pseudonym. Jan. 7 Mem. Op., ECF No. 33; Order, ECF No. 34. On January 21, 2025, Defendant Tucker filed the instant Motion to Reconsider, asking the Court to revise its Order denying her Motion to Dismiss. Mot. Reconsider, ECF No. 37; Mem. Supp. Mot. Reconsider, ECF No. 38. On February 11, 2025, Plaintiff filed her Memorandum of Law in Support of her Response in Opposition to Defendant's Motion to Reconsider ("Memorandum in Support of Response"), ECF No. 44.[1] On February 21, 2025, Defendant Tucker filed a Reply in Further Support of Defendant's Motion to Reconsider, ECF No. 56.

**B. Summary of the Court's January 7 Opinion**

As noted, Defendant Tucker asks the Court to reconsider its previous denial of her Motion to Dismiss, as analyzed in its January 7 Opinion. *See generally* Mot. Reconsider. Defendant Tucker moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

---

[1] Plaintiff also submitted a two-page summary of her arguments in opposition entitled "Plaintiff's Response in Opposition to Defendant's Motion to Reconsider," ECF No. 43. However, without obtaining leave of court, a party opposing a motion is limited to filing a single response brief. E.D. Va. Loc. Civ. R. 7(F). Because Plaintiff did not obtain leave, the Court only considers Plaintiff's Memorandum in Support of Response.

*See generally* Mem. Supp. Mot. Dismiss.  In support, Defendant Tucker argued that Plaintiff's Complaint failed to state a claim against Defendant Tucker for two reasons.  First, she argued that the Prison Litigation Reform Act's exhaustion requirement, 42 U.S.C. § 1997e(a), precluded Plaintiff from bringing the supervisory action against Defendant Tucker because Plaintiff's administrative complaints only detailed Defendant Okoli's alleged assault, meaning that Plaintiff's supervisory claim against Defendant Tucker was as yet unexhausted.  Mem. Supp. Mot. Dismiss. 14–15.  Second, Defendant Tucker argued that Plaintiff's claim was time-barred under the relevant two-year statute of limitations, since the alleged assault occurred more than two years prior to Plaintiff filing the instant action.  *Id.* at 6–12.

      The Court determined that neither argument merited dismissal.  As to Defendant Tucker's exhaustion defense, the Court determined that, even though Plaintiff never made a specific complaint against Defendant Tucker, her Complaint sufficiently alleged that her existing administrative complaints notified prison officials as to "nature of the wrong for which redress [was] sought."  Jan 7 Mem. Op. 11 (quoting *Wilcox v. Brown*, 877 F.3d 161, 167 n.4 (4th Cir. 2017)).  Accordingly, Plaintiff's claim against Defendant Tucker was not, on its face, unexhausted.  *Id.* at 11–12.  As to Defendant Tucker's statute of limitations defense, the Court found that Plaintiff had alleged reasonable diligence in pursuing her rights between the date of the assault and the filing of the instant suit.  *Id.* at 13.  Accordingly, if her allegations were proven, Plaintiff could avail herself of the equitable tolling set out in *Battle v. Ledford*, 912 F.3d 708 (4th Cir. 2019).  Thus, Plaintiff's Complaint was not untimely on its face.  *Id.* at 12–15.  Accordingly, the Court denied Defendant Tucker's Motion to Dismiss.

## II. LEGAL STANDARD

### A. Motion to Reconsider

As confirmed by Federal Rule of Civil Procedure 54(b), a district court retains the "necessary authority to correct itself." 18B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 4478.1 (4th ed. 2024). Thus, "every order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983); *accord Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016) ("a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case"). However, this inherent authority is not without limitation; a district court may only revise its previous order upon a showing of (1) new, "substantially different evidence," (2) a change in applicable law, or (3) "a clear error causing manifest injustice." *U.S. Tobacco Coop. Inc v. Big S. Wholesale of Va., Inc.*, 899 F.3d 236, 257 (4th Cir. 2018) (internal citation omitted).

Motions to reconsider disrupt the efficient administration of justice; accordingly, they are disfavored and granted sparingly. *E.g.*, *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003); *Zellner v. United States*, 2020 WL 5240579, at *2 (E.D. Va. Sept. 2, 2020); *see also* 18B Wright & Miller § 44781. Mere disagreement with a court's ruling does not properly support a motion for reconsideration. *Zellner*, 2020 WL 5240579, at *2 (citing *Hutchinson v. Staton*, 99 F.2d 1076, 1081 (4th Cir. 1993)). Indeed, "[a] motion for reconsideration is not a tool with which an unsuccessful party may rehash the same arguments and facts previously presented." *Id.* (internal citation omitted). Such a motion will not be granted based on "the loser's misplaced attachment to a properly rejected argument." 18B Wright & Miller § 4478.1.

### B. Interlocutory Appeal Certification

Generally, a losing litigant may only appeal a final judgment. 28 U.S.C. § 1291. However, 28 U.S.C. § 1292(b) permits a district court to certify an interlocutory appeal when the judge is

4

"of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[B]ecause § 1292(b) is contrary to the general rule that appeals may be had only after a final judgment, it should be used sparingly and its requirements must be strictly construed." *Difelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 908 (E.D. Va. 2005) (citing *Mayles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)). And, even if the requirements are satisfied, "the district court has 'unfettered discretion' to decline to certify an interlocutory appeal if exceptional circumstances are absent." *Thomas v. Maximus, Inc.*, 2022 WL 1482008, at *3 (E.D. Va. May 10, 2022) (internal citation omitted).

### III. DISCUSSION

Defendant Tucker asks the Court to reconsider its previous denial of her Motion to Dismiss, arguing that the Court's January 7 Opinion is legally incorrect as well as factually preclusive. *See generally* Mem. Supp. Mot. Reconsider, ECF No. 38. Specifically, Defendant Tucker argues that the Court's various conclusions in its January 7 Opinion prevent Defendant Tucker from advancing affirmative defenses at trial. *Id.* at 3–5, 9. Defendant Tucker additionally argues that the Court legally erred in allowing Plaintiff's dispute with Defendant Tucker to proceed notwithstanding Defendant Tucker's exhaustion and statute of limitations arguments. *Id.* at 1–9. In the alternative, Defendant Tucker asks the Court to certify this matter for interlocutory appeal. *Id.* at 10.

**A. The Court's January 7 Opinion is Not Factually Preclusive**

Defendant Tucker spends significant ink complaining of the Court's "express factual findings" in its Memorandum Opinion. *Id.* at 1–9. For instance, Defendant Tucker argues that the Court determined with finality that Plaintiff diligently pursued her administrative remedies. *Id.* at

5

9. Defendant Tucker contends that she would "contest [this fact] on an open record, but . . . she is precluded from doing [so] under the current procedural posture of the litigation." *Id.*

Defendant Tucker's argument displays a fundamental misunderstanding of the Court's role in considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). As the Court described in its Memorandum Opinion, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, *it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses*." Jan. 7 Op. 6, ECF No. 33 (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)) (emphasis added). In denying Defendant Tucker's Rule 12(b)(6) Motion to Dismiss, the Court simply determined that Plaintiff's Complaint was facially sufficient on its face; it did not determine that Plaintiff's allegations are true. *See, e.g.*, *Republican Party of N.C.*, 980 F.2d at 952.

Applied to the above example regarding Plaintiff's diligence, for instance, the Court did not determine that Plaintiff *in fact* pursued her rights diligently, Jan. 7 Mem. Op. 13–14, rather, it determined that a fact-finder would be permitted to infer that Plaintiff was satisfactorily diligent, should Plaintiff prove her underlying allegations. *Id.* In order to determine if a complaint is facially sufficient such that it survives a Rule 12(b)(6) challenge, the reviewing court must—for the sake of the 12(b)(6) analysis alone—accept the plaintiff's allegations as true. Jan. 7 Mem. Op. 1, 6 (quoting *Phillips v. Pitt Cnty. Mem'l Hosp.*, 572 F3d 176, 180 (4th Cir. 2009)). This procedural exercise is far from the final, factual finding which Defendant Tucker claims it to be. Mem. Supp. Mot. Reconsider 1–9. Should this case proceed to trial, Plaintiff will be held to her burden, and Defendant Tucker will be permitted to advance affirmative defenses.

**B. Defendant Tucker Fails to Show an Adequate Basis for Reconsideration**

Defendant Tucker argues that the Court's denial of her Motion to Dismiss rested on two legal errors. First, Defendant Tucker takes issue with the Court's determination that Plaintiff had

adequately alleged exhaustion of her administrative remedies relating to her dispute with Defendant Tucker, Jan. 7 Mem. Op. 11–12, since Plaintiff never filed a complaint against Defendant Tucker, Mem. Supp. Mot. Reconsider 2–5.  Second, Defendant Tucker argues that the Court erroneously found that Plaintiff's Complaint was not facially barred by the statute of limitations, Jan. 7 Mem. Op. 12–15, and contends that the Court improperly applied the rule of *Battle v. Ledford*, 912 F.3d 708 (4th Cir. 2019).  Specifically, Defendant Tucker argues that *Battle* was narrowed by the Fourth Circuit's subsequent rule in *Fauconier v. Clarke*, 966 F.3d 265, 275 (4th Cir. 2020).  Mem. Supp. Mot. Reconsider 5–6.  In response, Plaintiff submits that the Court correctly decided both issues.  Mem. Supp. Resp. 2–11, ECF No. 44.  Applying the rigorous standard set out previously, the Court finds that Defendant Tucker's arguments do not provide grounds for reconsideration.

As described *supra*, only three grounds may properly support a motion for reconsideration: (1) discovery of new evidence; (2) a change in applicable law; or (3) "a clear error causing manifest injustice."  *U.S. Tobacco Coop.*, 899 F.3d at 257.  Mere disagreement is not an appropriate ground for reconsideration, and a movant cannot succeed on such a motion by "rehash[ing]" the same arguments and facts previously presented."  *Zellner*, 2020 WL 5240579, at *2.

Because Defendant Tucker does not support the instant motion with new evidence or new law, she may only succeed if the Court's previous opinion contained "a clear error causing manifest injustice."  *U.S. Tobacco Coop.*, 899 F.3d at 257.  Notably, a court's decision does not contain such an error if its conclusions are arguable, or even "probably wrong"; rather, the error must be so plain that it "strikes [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.  It must be dead wrong."  *Id.* at 258.

Here, Defendant Tucker first submits that the Court erred by rejecting her exhaustion defense.  Mem. Supp. Mot. Reconsider 2–5.  In support, Defendant Tucker argues that Plaintiff

7

never exhausted her supervisory claim, since Plaintiff's administrative complaint only described the alleged assault by Defendant Okoli. *Id.* at 14–15. This argument, however, is essentially identical to that which Defendant Tucker advanced in support of her Motion to Dismiss. *Compare id.*, *with* Mem. Supp. Mot. Dismiss, ECF No. 17. Reiterations of previous arguments do not warrant reconsideration. *Zellner*, 2020 WL 5240579, at *2. As such, the Court finds Defendant Tucker's first argument to be an inadequate basis for reconsideration.

Defendant Tucker next submits that the Court failed to consider the intervening rule of *Fauconier v. Clarke* when it determined that Plaintiff's allegations fell within the equitable tolling rule of *Battle v. Ledford*. Mem. Supp. Mot. Reconsider 5–10 (citing Jan. 7 Mem. Op. 12–15). Again, however, Defendant Tucker merely recycles and expounds upon arguments from her Motion to Dismiss. *Compare id.*, *with* Mem. Supp. Mot. Dismiss 11–12. The Court already considered Defendant Tucker's argument in its January 7 Opinion—and rejected it. Jan. 7 Mem. Op. 12–15. Thus, Defendant Tucker's second argument also fails to provide ground for reconsideration.[2]

In short, Defendant Tucker wholly fails to identify any aspect of the Court's previous opinion which "strikes [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *U.S. Tobacco Coop.*, 899 F.3d at 257. As such, reconsideration of Defendant Tucker's Motion to Dismiss would only serve to waste the Court's resources. *See* 18B Wright & Miller § 44781. The Court will deny Defendant Tucker's Motion for Reconsideration.

---

[2] Going further, however, the Court notes that *Fauconier* did not narrow or limit the rule of *Battle*. In fact, *Fauconier* cited *Battle* with approval, and expanded the rule of *Battle* to contexts beyond 28 U.S.C. § 1983. *Fauconier*, 966 F.3d at 275 (citing *Battle*, 912 F.3d at 718)). The "limiting" language to which Defendant Tucker refers, Mem. Supp. Mot. Reconsider 5–6, is merely the *Fauconier* court's summary of the then-relevant aspects of the ruling in *Battle*. *Fauconier*, 966 F.3d at 275.

**C. The Court Declines to Certify this Matter for Interlocutory Appeal**

Finally, Defendant Tucker asks the Court to certify this matter for interlocutory appeal, arguing that the Court's application of *Battle* constitutes a "controlling question of law as to which there is substantial ground for difference of opinion." Mem. Supp. Mot. Reconsider 10. In order to qualify for interlocutory appeal certification, a movant carries the heavy burden to demonstrate "a genuine doubt as to whether the district court applied the correct legal standard." *Thomas*, 2022 WL 1482008, at *5 (quoting *Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 527 (E.D.N.C. 2010)). Critically, "the mere presence of a disputed issue that is a question of first impression . . . standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Id.* (quoting *Flor v. BOT Fin. Corp*, 79 F.3d 281, 284 (2d Cir. 1996) (per curiam)). Rather, the movant must demonstrate that the issue "is not substantially guided by previous decisions." *Id.*

Here, Defendant Tucker again advances her argument that the Court inappropriately expanded the rule of *Battle*. Mem. Supp. Mot. Reconsider 10. In support of her position, however, Defendant Tucker merely refers to her previous arguments, *id.*, which the Court has already found lacking—either because they mischaracterize the nature of the Court's ruling, *see supra* Part III.A., or because they mischaracterize the nature of intervening precedent, *see supra* n.2. As such, the Court declines Defendant Tucker's request for a certification of interlocutory appeal.

## IV. CONCLUSION

For the reasons detailed above, Defendant Tucker's Motion to Reconsider will be wholly denied. An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: March 18, 2025
Richmond, Virginia